CHARLES J. SCHUCK, Judge.
*178 The claimant, S. E. Neese, was employed by the state conservation commission as superintendent of Watoga Park in 1937 which employment ceased in September 1941, at which time it was discovered that there were irregularities in the accounts of said claimant which were afterward settled by his payment to the state of approximately $2000.00 the amount which the state claimed1 due it at the time of his dismissal.
The record reveals that claimant’s services were unsatisfactory; that amounts were withheld by him obtained from rentals and privileges in the park which properly belonged to the state and which had not been accounted for by him at the time.
The claim that is presented to us for our consideration contains items of payment for services to workmen in the park which the claimant alleges that he was obliged to personally pay, as the appropriation to the state department in question had been exhausted at the time, as well as other items of expressage and personal items for food which he claims that he was obliged to expend during his incumbency as such superintendent. The claim embodies items arising from February 29, 1940, to August 15, 1941. The claimant was dismissed as the park superintendent in September 1941. The settlement with the state department involved took place some ten months after his dismissal, the amount in question to be exact, being $2117.07. The claimant failed to present any part of the claim as now presented here, to the department at the time negotiations for a settlement with it were pending, which fact of itself is quite unusual, but which the claimant seeks to justify on the grounds that he had been informed by one Wilson, a district superintendent, that there were no funds available for the payment of the wages and the other items which he, the claimant, maintained that he had paid.
Whether the foregoing statements be true or not, the claimant himself would not have been barred from presenting these items at the time of settlement with the state, when, as the *179 testimony shows, he was driven to dire means to make good the amount claimed from him by the state conservation department, the fact being that this amount was eventually paid partly by a cashier’s check and, so far as we are able to ascertain, the balance in cash later. We cannot understand why claimant did not under the circumstances insist on being given credit for his alleged payments, and we feel that his failure so to do necessarily militates against him in the consideration of the merits of the claim now before us. As heretofore indicated, he maintains that there was no appropriation made for the payment of these items, but yet the uncontradicted testimony reveals that the appropriation made for the biennium had not been exhausted at the time in question, and the items could have been paid out of the funds then available from the appropriation made for the state conservation commission. Furthermore, it is also important to note that the men to whom he claims to have made payment at the time when funds were not available were, during all this period, on the payroll of the department and drawing their wages and salaries throughout the greater portion of the period both before and after the time of his dismissal. All of which tends to show that there is no merit in the claimant’s position that the funds had been exhausted, so far as the appropriation to the department in question was concerned.
Considering, therefore, all the testimony as submitted to us, we feel that the claimant has failed to present a case entitling him to an award and we find accordingly, namely, that an award will be denied.